UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HOLLANDER KEELY, STEVE WOLF, and BRITTANY DOSTER,<br><br>                                    Plaintiffs,<br><br>v.<br><br>SKYLAB APPS, INC. et al,<br><br>                                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.:  19-CV-2078-CAB-KSC<br><br>**ORDER DENYING MOTION TO DISMISS AMENDED COUNTERCLAIM**<br><br><br><br>[Doc. No. 16] |

On January 20, 2020, Defendants Skylab Apps, Inc. ("Skylab") and Dean Grey filed and answer and first amended counterclaim that asserted three claims against Plaintiffs: (1) breach of contract; (2) intentional interference with prospective economic advantage; and (3) defamation.  On February 3, 2020, Plaintiffs filed a four page motion to dismiss all three counterclaims or for a more definite statement.  The only argument in support of the motion is that the counterclaim does not comply with Federal Rule of Civil Procedure 9(g) because it does not state special damages with specificity.  Along these lines, Plaintiffs argue that a cause of action for trade libel requires pleading special damages.

Yet, there is no counterclaim for trade libel.  The defamation claim asserted is not the same as trade libel.

Under California law, "trade libel is an intentional disparagement of the *quality* of property, which results in pecuniary damage." Witkin, B., 5 Summary of California Law, Torts § 573 (9th ed. Bancroft–Whitney Co.1988); *Leonardini v. Shell Oil Co.*, 216 Cal.App.3d 547, 574, 264 Cal.Rptr. 883 (1989) (citing Witkin). Trade libel is more like unfair competition than true libel and is not actionable as defamation. *Microtec Research, Inc. v. Nationwide Mutual Ins. Co.*, 40 F.3d 968, 972 (9th Cir.1994). Although the defamatory torts of slander and libel are similar to what is known in California as "trade libel," the torts are distinct and must be treated individually. Thus, "an 'action for defamation is designed to protect the reputation of the plaintiff, and the judgment vindicates that reputation, whereas the action for disparagement is based on pecuniary damages and lies only where such damage has been suffered.'" *Leonardini v. Shell Oil Co.*, 216 Cal.App.3d 547, 573, 264 Cal.Rptr. 883 (1989) (quoting 5 Witkin, Summary of Cal.Law, Torts, pp 661–62 (9th ed.1988)).

*Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F.Supp. 2d 1068, 1081–82 (C.D. Cal. 1998). Thus, Plaintiffs' argument is inapplicable. Because Plaintiffs do not offer any authority for the proposition that any of the actual claims asserted require pleading special damages with specificity under Rule 9(g), the motion to dismiss is **DENIED**.

It is **SO ORDERED**.

Dated: March 13, 2020

_____

Hon. Cathy Ann Bencivengo
United States District Judge