UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HOLLANDER KEELY, STEVE WOLF, and BRITTANY DOSTER,<br><br>                              Plaintiffs,<br><br>v.<br><br>SKYLAB APPS, INC. et al,<br><br>                              Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.:  19-CV-2078-CAB-KSC<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>[Doc. No. 33] |

On January 20, 2020, Defendants/Counter-Plaintiffs Skylab Apps, Inc. and Dean Grey (together, "Skylab") filed an answer and first amended counterclaim ("FAC") that asserted three claims against Heather Hollander Keely, Steve Wolf, and Brittany Doster (together, "Counter-Defendants"): (1) breach of contract; (2) intentional interference with prospective economic advantage; and (3) defamation. On February 3, 2020, Counter-Defendants filed a motion to dismiss all three counterclaims or for a more definite statement. On March 13, 2020, the Court denied that motion. A week later, on March 20, 2020, Counter-Defendants filed a motion to strike paragraph 18 of the amended counterclaim pursuant to California's statute precluding "Strategic Lawsuits Against Public Participation" ("SLAPP"). Cal. Code Civ. Proc. § 425.16(c)(1). Paragraph 18 of

the FAC states: "Each Counter-Defendant also colluded with one another and other Skylab contractors to fabricate a lawsuit against Skylab and Dean Grey, in violation of their agreements."  This motion to strike is now fully briefed, and the Court deems it suitable for submission without oral argument.  Like the motion to dismiss, the motion to strike is also denied.

"A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). "The overarching objective of the anti–SLAPP statute is to prevent and deter lawsuits chilling speech and petition rights." *Hewlett-Packard Co. v. Oracle Corp.*, 239 Cal. App. 4th 1174, 1188 (Cal. Ct. App. 2015) (internal quotation marks omitted).  More specifically, the "central purpose of the statute [is to] screen[] out meritless claims that arise from protected activity, before the defendant is required to undergo the expense and intrusion of discovery." *Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016). "It's helpful to think of a 'SLAPP' as a lawsuit defined by a particular strategy: obtaining an economic advantage over a defendant, and not necessarily the vindication of a cognizable legal right." *Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 764 (9th Cir. 2017).

"California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" *Vess*, 317 F.3d at 1109 (quoting Cal. Civ. Proc. Code § 425.16(a)). "The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." *Baral*, 1 Cal. 5th at 384 (*emphasis* in original).

"Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." *Vess*, 317 F.3d at 1109. "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be

treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (quotation marks and citation omitted).  Here, despite arguing in their motion under California state law that the Court should employ a summary judgment-like procedure requiring Skylab to present evidence supporting the challenged claim, *see, e.g,, Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005) [Doc. No. 33-1 at 7], Counter-Defendants argue in the reply that their challenge is strictly legal with respect to the sufficiency of the allegations in the complaint [Doc. No. 38 at 3]. Accordingly, the Court treats this motion in the same manner as a motion under Rule 12(b)(6).

Counter-Defendants, however, already filed a Rule 12 concerning the FAC, which the Court denied.  Federal Rule of Civil Procedure 12(g) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Rule 12(g) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6). . . .").  "Rule 12(g) is written in broad terms and requires consolidation of Rule 12 defenses and objections whenever a party makes a motion under 'this rule.'  Motions to strike and for a more definite statement are motions under Rule 12 and thus clearly are within the language of subdivision (g)."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2018).

"Rule 12(g) is designed to avoid repetitive motion practice, delay, and ambush tactics." *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011).  These concerns are all present here.  The FAC has not changed since Counter-Defendants filed their motion to dismiss, meaning this anti-SLAPP argument was available to them but omitted from that motion.  Indeed, the fact that this motion was filed exactly

one week after the Court's order denying the motion to dismiss indicates that delay and repetitive motion practice were Counter-Defendant's intent. Moreover, considering that the purpose of the anti-SLAPP statute is to screen out improper lawsuits from the outset, it would be particularly inappropriate to allow such a motion to proceed after Counter-Defendants' delay and successive motion practice. Because the Court declines to entertain Counter-Defendants' anti-SLAPP arguments in this second successive motion, the motion is **DENIED**.

It is **SO ORDERED**.

Dated: April 27, 2020

Hon. Cathy Ann Bencivengo
United States District Judge